**Bruce SEXTON, Petitioner,**

v.

**SWITCH ENERGY COAL CORPORATION; Kentucky Coal Producers Self–Insurance Fund; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 00–4451.**

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

---

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

## ORDER

Bruce Sexton, a Kentucky resident, petitions through counsel for review of an order of the Benefits Review Board affirming an administrative law judge's decision denying him benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case.

Sexton was born in 1943. He was treated for tuberculosis and underwent a left lung resection while he was in his 20's. He worked for over ten years in coal mining before he retired in 1986 on the basis of heart problems for which he had a pacemaker installed. This claim for black lung benefits, Sexton's second, was filed in 1994. He was awarded benefits at the administrative level. The respondent appealed and an administrative law judge

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

(ALJ) also awarded Sexton benefits in 1997, finding that the irrebuttable presumption of total disability due to pneumoconiosis had been invoked based on X-ray evidence of complicated pneumoconiosis, pursuant to 20 C.F.R. § 718.304(a). The Benefits Review Board (Board) affirmed this decision in part and vacated it in part, instructing the ALJ to consider all of the evidence of record in his analysis under § 718.304. On remand, the ALJ determined that, considering all of the evidence of record, the existence of complicated pneumoconiosis had not been established, and therefore denied benefits. The Board affirmed this decision, and this appeal followed.

In his brief on appeal, Sexton argues that the ALJ erred in weighing the medical evidence on the existence of complicated pneumoconiosis. Additionally, he argues that the presumption contained in § 718.203 applies to this analysis, invoking a presumption that any large opacities on the X-rays are attributable to Sexton's coal mine employment, and shifting the burden of proof to the respondent to demonstrate otherwise. Counsel for the Director, Office of Workers' Compensation Programs, has filed a brief urging rejection of the latter argument, but asserting that a remand is necessary because the ALJ misinterpreted one of the X-ray reports.

■ The court reviews an ALJ's decision in a black lung claim to determine whether it is supported by substantial evidence and in accordance with the applicable law. *Peabody Coal Co. v. White*, 135 F.3d 416, 419 (6th Cir.1998).

In this case, Sexton was found to suffer from pneumoconiosis which arose out of his coal mine employment, and these issues are not contested. However, the evidence did not establish a total disability on the basis of pulmonary function studies, blood gas studies, a diagnosis of cor pulmonale, or physicians' opinions. Thus, the only issue is whether Sexton is entitled to an ·irrebuttable presumption of total disability due to pneumoconiosis under § 718.304 because he suffers from complicated pneumoconiosis. That section provides that the existence of a chronic dust disease which a) yields opacities greater than one centimeter in diameter on X-ray, or b) yields massive lesions on biopsy or autopsy, or c) is diagnosed by other means which would be expected to yield results under the first two sections, will invoke the irrebutable presumption.

The medical evidence in this case includes hospitalization records from 1988, when Sexton became ill with a fever and cough and was initially diagnosed as suffering from pneumonia. After treatment, his condition reoccurred months later and he was hospitalized again. Biopsies were performed during both hospitalizations, and numerous lung X-rays were taken. The condition of Sexton's lungs on X-ray deteriorated rapidly throughout the year, and his physicians at first concluded that his tuberculosis had become active again. Eventually, however, a culture from one of the biopsies was found positive for histoplasmosis, a fungal disease, and Sexton was then treated for that condition with success. The original biopsy reports from 1988 contained diagnoses of anthraco-silicosis and histoplasmosis.

The slides from the biopsy were reviewed in 1995 by Dr. Crouch, a Board-certified pathologist, who stated that the lung tissue samples were too small to allow him to assess the presence or absence of pneumoconiosis. In 1996, two other physicians also reviewed the slides. Dr. Hutchins noted that there was only a small amount of lung tissue and that coal worker's pneumoconiosis was not demonstrated. Dr. Caffrey noted only that the slides did not show coal worker's pneumoconiosis.

The evidence also contains two X-rays from 1994 which were read as consistent with complicated pneumoconiosis. The X-ray from August of that year was read by two of the four physicians who saw it as showing opacities larger than one centimeter in diameter. Dr. Baker, a B-reader who had examined Sexton, attributed the opacities to either old tuberculosis or coal worker's pneumoconiosis. Dr. Barrett, a B-reader and Board-certified radiologist, noted that the large opacity in Sexton's right upper lung could also be cancer. A November X-ray was read by two of the four physicians who interpreted it as showing opacities larger than one centimeter in diameter. Dr. Broudy, a B-reader who had examined Sexton on two occasions, noted that the opacity could also be due to tuberculosis, sarcoidosis, or histoplasmosis. Dr. Wiot, a B-reader and Board-certified radiologist, did not attribute the large opacity on the right lung to any other cause than coal worker's pneumoconiosis, but noted old tuberculosis in the left lung. The ALJ misinterpreted this final reading, concluding that Dr. Wiot had opined that the large opacity in the right lung could be due to tuberculosis.

 The claimant has the burden of proof in establishing the existence of complicated pneumoconiosis and thereby invoking the irrebuttable presumption of total disability. *Lester v. Director, OWCP,* 993 F.2d 1143, 1146 (4th Cir.1993). A chronic dust disease must be established in order to invoke the presumption, and X-ray evidence will not automatically trigger the presumption when conflicting evidence exists. *Gray v. SLC Coal Co.,* 176 F.3d 382, 388 (6th Cir.1999). Other evidence may affirmatively show that the large opacities found on X-rays are not what they appear to be. *Eastern Assoc. Coal Corp. v. Director, OWCP,* 220 F.3d 250, 256 (4th Cir.2000). We conclude that the ALJ properly found that this is such a case. Although some of the physicians who read the X-rays found opacities larger than one centimeter in diameter, several of them noted that it was not necessarily pneumoconiosis, but could be tuberculosis, cancer, sarcoidosis, or histoplasmosis. Although, contrary to the ALJ's finding, Dr. Wiot did not attribute the large opacity to any other disease, he also did not have the benefit of having examined the miner, and was unaware of the diagnosis of histoplasmosis in 1988.

The biopsy evidence does not assist Sexton in establishing complicated pneumoconiosis in this case. Nor was any diagnosis of complicated pneumoconiosis made by means other than X-ray or biopsy. Therefore, we conclude that the ALJ did not err in finding that Sexton had not established the existence of complicated pneumoconiosis. The X-ray evidence was conflicting and was found equivocal by all but one of the physicians who found a large opacity. The other medical evidence showed that the changes in Sexton's lung X-rays since the denial of his earlier claim were more likely due to his 1988 histoplasmosis disease.

Sexton's argument on appeal that the presumption in § 718.203 applies to the § 718.304 analysis is not persuasive. Sexton received the benefit of that presumption that his pneumoconiosis arose out of his coal mine employment because he had more than ten years of such employment. The section does not provide that opacities on an X-ray consistent with pneumoconiosis will be presumed due to coal mine employment, if the other evidence of record shows that they are not due to a chronic dust disease. *See Eastern,* 220 F.3d at 256; *Gray,* 176 F.3d at 388.

Finally, we do not believe that the decision below must be vacated because the ALJ misinterpreted Dr. Wiot's X-ray re-

port, as recommended by counsel for the Director. Although the ALJ essentially found that all four of the physicians who found a large opacity on the X-ray equivocated about its cause, the fact is that three of the four physicians did so, and that Dr. Wiot, who did not, was unaware of Sexton's history of histoplasmosis. Therefore, the weight of the evidence still supports the ALJ's ultimate conclusion.

For all of the above reasons, the petition for review is denied.